UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON DEWAYNE CUFF,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS, STOCKTON, et al.,<br><br>Defendants. | No.  2:16-cv-1999 MCE DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel on the grounds that his imprisonment and indigence will affect his ability to litigate this case, the issues are complex, and plaintiff is untrained in the law.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

1

common to most prisoners, such as lack of legal education and indigence, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Additionally, the issues in this action are not complex and are of the kind presented to the court on a regular basis. For these reasons, the court does not find the required exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 3) is denied.

Dated:  October 13, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;cuff1999.31