UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON DEWAYNE CUFF,

            Plaintiff,

    v.

DEPARTMENT OF STATE HOSPITALS,
et al.,

            Defendants.

No.  2:16-cv-1999 MCE DB P

ORDER

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.  Plaintiff contends that in its prior order denying plaintiff's motion for the appointment of counsel, the court failed to consider the likelihood that he will succeed on the merits of his case.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  However, even a meritorious case does not necessitate the appointment of counsel.  A prisoner must also show something more than the circumstances that are common to most prisoners, such as lack of legal education and limited law library access.  Those circumstances are not the sort of exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 30) is denied.

Dated:  November 27, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders/prisoner-civil rights/cuff1999.31(3)

2