1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BYRON DEWAYNE CUFF,                  No.  2:16-cv-1999 MCE DB P

12            Plaintiff,

13       v.                             ORDER

14  HARRIS, et al.,

15            Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under

18  42 U.S.C. § 1983.  Plaintiff alleges defendants subjected him to excessive force and involuntarily

19  medicated him.  Before the court is plaintiff's motion to take depositions by written questions.

20  For the reasons set forth below, the court will deny the motion.

21              **MOTION TO TAKE DEPOSITIONS BY WRITTEN QUESTIONS**

22          Plaintiff moves to take the depositions of two inmates, Avila and Riles, and one parolee,

23  Sawyer, by written questions.  (ECF No. 36.)  He states Avila and Sawyer were in the cells

24  adjoining his and saw the "assembly" of twenty "psych-techs" gathered outside plaintiff's cell

25  and their "breach" into it.  (Plt.'s Decl. (ECF No. 36 at 3).)  In addition, they "heard the

26  commotion that took place inside the cell."  Plaintiff states that inmate Riles was a few cells down

27  but saw the events through a mirrored reflection from a window across from his cell.  (Id.)  He

28  states that Riles saw the "assembly" and saw the aggressive stances taken by three psych-techs

                                              1

upon entering his cell.  Defendants oppose the motion.  (ECF No. 39.)  They argue that plaintiff fails to meet the requirements of Federal Rule of Civil Procedure 31 for depositions by written questions.

## I.      Legal Standards

Depositions by written questions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31.

> The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

Harrell v. Jail, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, No. 1:06-cv-0136 ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. Apr. 30, 2008)).  Plaintiff's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript.  Id. (citations omitted).

## II.     Analysis

Where plaintiff seeks to depose an incarcerated person, he must seek court permission. Fed. R. Civ. P. 31(a)(2)(B).  However, permission is not required to depose any other person. Therefore, the court initially notes that this motion is not necessary for plaintiff to depose parolee Sawyer.  However, plaintiff must follow the applicable rule and bear the costs for any depositions he seeks to take in this matter, as described above.  His in forma pauperis status does not entitle him to free services from the court, such as scheduling, conducting, or recording the deposition, or to utilize defendants' resources for the deposition.  See, e.g., Brooks v. Tate, No 1:11-cv-01503-AWI-DLB PC, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition).

////

With respect to the two incarcerated witnesses, Avila and Riles, plaintiff fails to make the showing required.  First, plaintiff has not designated a deposition officer or notified the deponents of the time, place and manner of deposition.   Second, plaintiff has not shown he can pay any of the costs associated with written depositions, including fees for a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1).

Courts have found a failure to make these showings defeats a motion to take depositions. See Harrell, 2015 WL 8539037, at *2; Jackson v. Woodford, No. 05cv0513-L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007).  As one court has observed:  "If plaintiff wants to depose [a witness] on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so."  Lopez v. Horel, No. C 06-4772 SI (pr), 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007), aff'd, 367 Fed. App'x 810 (9th Cir. 2010).  The court further noted that a Rule 31 deposition "may sound like an inexpensive way for a prisoner to do discovery but usually is not."  Id. at *2, n.2.  Because plaintiff's indigent status does not entitle him to a waiver of fees and he has not met the Rule 31 requirements, the court will deny this motion.

The court notes that plaintiff appears to be attempting to gather evidence for purposes of trial.  Plaintiff is advised that he need not take depositions in order to obtain statements from witnesses.  As set out in the court's Discovery and Scheduling Order filed on November 6, 2017, if this case proceeds to trial, plaintiff may seek to have witnesses attend.  (ECF No. 28.)  In support of his motion to have witnesses attend trial, plaintiff may provide the court with either a sworn affidavit from the witnesses or his own sworn affidavit showing that the witnesses have actual knowledge of relevant facts.  However, those motions would be appropriate at a later time.  Because trial has not been scheduled in this matter, any motions for the attendance of witnesses at trial would be premature.

////

////

////

3

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to depose witnesses by written questions (ECF No. 36) is denied.

Dated: May 30, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/cuff1999.depos or